UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES R. YOUNG,<br><br>                Petitioner,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. CV19-5077 RJB<br><br>CR14-5242 RJB<br>CR14-5548 RJB<br><br>ORDER ON MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 |

This matter comes before the Court on the on Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Dkt. 1. The Court has reviewed the pleadings filed regarding the petition and the remaining file.

Petitioner seeks 28 U.S.C. §2255 habeas corpus relief from his 90-month sentence imposed after his guilty pleas in two separate cases to the crimes of Interstate Transportation for the Purposed of Prostitution, in violation of 18 U.S.C. §§ 2 and 2421, and Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 285. Dkt. 1. In this petition, he claims that his Sixth Amendment right to effective assistance of counsel was violated. Dkt. 1.

ORDER - 1

# I. BACKGROUND FACTS AND PROCEDURAL HISTORY

## A. RELEVANT PROCEDURAL HISTORY OF CRIMINAL CASE

On August 29, 2017, the Petitioner entered into written plea agreements in each case, *United States v. Young*, Western District of Washington case 14-5242 RJB and *United States v. Young,* Western District of Washington case 14-5448. Dkts. 11-2 and 11-3. At the time, the Petitioner was represented by lawyers Emily Gause and Terrence Kellogg. As is relevant here, both written plea agreements provided:

> 16. Waiver of Appellate Rights and Rights to Collateral Attacks. Defendant acknowledges that by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence of 90 months, Defendant waives to the full extent of the law:
>
> a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and
> b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation . . .

Dkts. 11-2, at 9 and 11-3, at 8-9. During the August 29, 2017 plea hearing, (a copy of the transcript is attached for ease of reference), the following exchange took place between the Court and the Petitioner:

> THE COURT: Now, you've given up your right to appeal your conviction and pretrial rulings. And I should add to that we have a number of motions pending. And if you plead guilty, you'll never get an answer to those motions. Do you understand that?
>
> YOUNG: Yes, sir.
>
> THE COURT: And the right to appeal that you're giving up here includes sentence and fine, the restitution order, the supervised release conditions and so forth. Do you understand that?

ORDER - 2

> YOUNG: Yes, sir.
>
> THE COURT: And your waiver of your appeal right includes giving up the right to bring a collateral attack against your conviction and sentence, including restitution or any other matters at all resulting from this conviction and sentence, unless there's a constitutional basis based on effectiveness of legal representation. And if there was that issue, there would be a possibility you could appeal in spite of your waiver of appeal. Do you understand that?
>
> YOUNG: Yes, sir.

Dkt. 11-1, at 29. In a "Declaration of Affidavit," filed in support of this Petition, Petitioner maintains that:

> On February 15, 2018, during sentencing colloquoy [sic] as to criminal action no. 3:14CR5254 and 3:14CR5548 in the United States District Court, the United States District Judge during the sentencing imposition advised me that I had 14 days to file an appeal if I had any issues with my defense counsel's [sic] in my case.
>
> The AUSA then stood up and stated that I waived my rights to an appeal, the district judge then agreed. I directed my attorney I want an appeal. My defense counsel's [sic] then stated you 'waived' your rights, I cannot. The District Judge then remanded me to the custody of the United States Marshal's svc. [sic]

Dkt. 4, at 89. The verbatim transcript of the February 15, 2018 sentencing hearing, (attached to this order for ease of reference) provides the following:

> THE COURT: Now, Mr. Young, I have to advise you of your right to appeal, even though you, I think, waived your right to appeal in your plea agreement. There is always the possibility that there would be some narrow constitutional ground upon which you could base an appeal in spite of your appeal waiver. If you think you have a right to appeal, in spite of your waiver, and if you wanted to appeal, you would have to file a notice of appeal within 14 days of today. If you requested, the clerk would file such a notice on your behalf. Also, you should know that if you can't afford to pay a lawyer to prosecute an appeal for you, and if you request it, the court would appoint a lawyer for that purpose at public expense. Do you understand those things?
>
> YOUNG: Yes, sir.
>
> THE COURT: Okay. Any objection to the form of the judgment that has been handed to me now?

1     MR. MIYAKE: No, your Honor.

2     MR. KELLOGG: No, your Honor.

3     THE COURT: Okay. I have signed the judgment as presented.

4     MR. MIYAKE: Your Honor, may I? I just have one clarification regarding the waiver of appeal. In Paragraph 16 it sets forth basically the nature of the waiver. It was to waive all rights to appeal from his conviction and any pretrial rulings that the Court had made, as well as any rights conferred under 18 U.S.C. 3742 to challenge other things that the sentence imposed, including any fine, restitution order, or conditions -- probation or supervised release conditions. As far as any collateral attack, he has waived all collateral attacks with the exception of ineffective assistance of counsel. I just wanted to make that clear.

    THE COURT: The plea agreement says what it says. This has been a long road, Mr. Young.

Dkt. 11-4, at 13-14. After the above, Mr. Kellogg made one more statement of "Thank you, your Honor," before the proceedings adjourned and Petitioner was remanded into custody. Dkt. 11-4, at 14-16.

In his "Declaration of Affidavit," filed in support of this Petition, Petitioner asserts that:

> After my return to the detention ctr., I learned that I can file an appeal as to ineffective assistance of counsel a/k/a (IAC), I then written [sic] a letter to my defense counsel's [sic] to file an appeal, no response.
>
> I, then requested a legal call to my defense counsel's [sic] by the detention ctr., I called and left messages for counsel's [sic] to come see me and file an appeal in my case immediately. No rsponse [sic]. . .
>
> My defense counsel(s) appointed to me through CJA screwed me and denied my due process to preliminary hearing to examine the government's evidence, test the evidence, cross examine adverse witnesses before I could make an intelligent plea.
>
> The United States with-held [sic] discovery from me and at the end of the pretrial proceedings dump numerous Brady material, but still with-held [sic] a lot more Brady material that I was denied to review to enter an intelligent plea.
>
> I hereby declare that I instructed my defense counsel's [sic] Terrence Kellogg to file an appeal and I was denied that right.

ORDER - 4

Dkt. 4, at 89-90.

Mr. Young did not file an appeal. On January 28, 2019, he filed the instant Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. Dkt. 1.

### B. PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE

The Petitioner asserts one ground for relief: ineffective assistance of counsel. Dkt. 1. In an attached pleading entitled "Motion under 28 U.S.C. Sect. 2255 to Toll Direct Appeal by a Person in Federal Custody," Mr. Young challenges the validity of his right to file an appeal waiver and maintains that his counsel was ineffective when they: (1) failed to file an appeal after he directed them to do so, (2) failed to "file a preliminary hearing brief" after the April 21, 2016 second superseding indictment was filed in *United States v. Young*, Western District of Washington case 14-5242 RJB in order to allow him to challenge the government's evidence, (3) "'waived' Mr. Young's right to a speedy jury trial" because "Mr. Young never executed a signed document waiving his right to a speedy jury trial," (4) mishandled the government's failure to provide discovery, and (5) makes reference to certain conditions of his supervised release. Dkt. 4, at 1-25. The Petitioner also moves for appointment of counsel. Dkt. 4.

In the Response, the government argues that Mr. Young's waiver of appeal was knowing and voluntary. Dkt. 11. It maintains that counsel's performance was not deficient, and asserts that an evidentiary hearing should be held to determine prejudice in accord with *Garza v. Idaho,* 139 S. Ct. (2019). *Id.*

Mr. Young filed a reply on May 13, 2019. Dkt. 13. He moves the Court to grant his "28 U.S.C. § 2255 motion for the appointment of appellant counsel and to toll Defendant's direct criminal appeal." *Id.* He also moves for leave to supplement his motion "with the subsequent intervening decision of the Supreme Court in *Garza*." *Id.* He again asserts that counsels'

representation of him was constitutionally deficient in that they failed to file a direct appeal based on ineffective assistance of counsel after he directed them to do so. *Id.* Mr. Young asserts that he has letters documenting that counsel did not file an appeal based on the appeal waiver provision. *Id.* He moves the court for an evidentiary hearing and again for appointment of counsel. *Id.*

## II. DISCUSSION

### A. 28 U.S.C. § 2255

A prisoner in custody pursuant to a judgment and sentence imposed by the federal court, who claims the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255.

### B. EXPAND THE RECORD

Rule 7 of the Federal Rules governing Section 2255 Proceedings provides that:

(a) **In General**. If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion. The judge may require that these materials be authenticated.

(b) **Types of Materials**. The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.

(c) The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Mr. Young's "Declaration of Affidavit," (Dkt. 4, at 89-90) is not part of the underlying criminal cases' records. Pursuant to Rule 7, Mr. Young's "Declaration of Affidavit," (Dkt. 4, at 89-90) should be included in the record.

### C. EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981).

Under Rule 8 (c) of the Federal Rules governing Section 2255 Proceedings, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Pursuant to 18 U.S.C. § 3006A(2)(B), "whenever the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255."

The parties agree that an evidentiary hearing should be held on this petition. The facts supporting Petitioner's claim are outside the record of the criminal proceedings. An evidentiary hearing should be held to determine the facts supporting Mr. Young's claim of ineffective assistance of counsel and to determine whether he is entitled to relief. The Court should first resolve the question of whether Mr. Young's counsel should have filed an appeal. If appeal rights are reinstated, some of Petitioner's issues may be resolved through the appellate process.

If his appeal rights are not reinstated, all of his issues will be addressed in the habeas (28 U.S.C. § 2255) process.

Counsel should be appointed to represent Mr. Young pursuant to Rule 8 (c) of the Federal Rules governing Section 2255 Proceedings and 18 U.S.C. § 3006A. It appears that he qualifies financially for appointment of counsel. *See* 14-5242 RJB, Dkts. 9 and 10. Further, the Ninth Circuit, in *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2005), determined that a petitioner is entitled to an evidentiary hearing when the pro se habeas petition alleges that counsel failed to file a Notice of Appeal after being instructed to do so, despite the fact that petitioner waived the right to appeal in a plea agreement. In accord with *Sandoval-Lopez*, it appears that Mr. Young is entitled to counsel and an evidentiary hearing on his ineffective assistance of counsel claim that is based upon counsels' failure to file a Notice of Appeal.

## CONCLUSION

The Court should schedule an evidentiary hearing, limited to the issue of whether Mr. Young's counsel were ineffective for failing to file a Notice of Appeal, after he requested that they do so. Further, the Court should appoint counsel to represent Mr. Young at the evidentiary hearing. Upon appearance of counsel for Mr. Young, all counsel should meet and confer regarding scheduling and advise the Deputy Clerk, Tyler Campbell at 253-882-3822, that the matter is ready to be set for evidentiary hearing. The Court will then schedule the hearing and any other necessary deadlines.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send a copy of this order to the CJA administrator, for appointment of counsel.

ORDER - 8

Dated this 15th day of May, 2019.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge

ORDER - 9